NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO ADRIAN RAMIREZ-GALLEGO, | No. 22-78 |
| Petitioner, | Agency No. A205-403-551 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024[**]

Before: OWENS, LEE, and DESAI, Circuit Judges.

Roberto Adrian Ramirez-Gallego ("Ramirez"), a native and citizen of

Mexico, appeals the BIA's denial of withholding of removal. At his master calendar

hearing, Ramirez's counsel stated that he planned to apply for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. Based on this information, the Immigration Judge ("IJ") proposed that Ramirez mail in his application, and counsel agreed. All parties agreed to a November 15, 2017, filing deadline. Ramirez did not file an application for cancellation of removal by the deadline. Instead, one month before the final merits hearing, his counsel filed a prehearing memorandum asserting that Ramirez was eligible for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At the final merits hearing, Ramirez's counsel attempted to file an application for cancellation of removal and an application for asylum, withholding of removal, and CAT protection. The IJ denied both applications. He first found that the application for cancellation of removal was untimely. He then found that the application for asylum, withholding of removal, and CAT protection was untimely or failed on the merits because Ramirez's proposed particular social group "Mexican person who was returned to Mexico by the Trump Administration," was not cognizable. Ramirez appealed, arguing in part that the IJ violated his due process rights by failing to develop the record. The BIA dismissed his appeal, and Ramirez timely appealed.[1] We have jurisdiction under 8 U.S.C. § 1252. We review due process challenges de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th

---

[1] Because Ramirez does not challenge the BIA's findings that (1) his proposed PSG is not cognizable, (2) his CAT claim is waived, and (3) his asylum claim is time-barred, the issues are forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (finding that issues not specifically and distinctly argued are deemed forfeited).

Cir. 2022). We deny the petition.

The IJ did not violate Ramirez's due process rights. "Due process requires a full and fair hearing, which, at a minimum, includes a reasonable opportunity to present and rebut evidence and to cross-examine witnesses." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)) (cleaned up). To succeed on a due process challenge, the petitioner must show (1) that the proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (quoting *Colmenar*, 210 F.3d at 971).

Here, Ramirez argues that his due process rights were violated because the IJ failed to develop the record and did not provide him with a reasonable opportunity to present evidence. But Ramirez was represented by counsel during his removal proceedings, and thus the IJ did not have an affirmative duty to "develop the record." *See Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (finding that IJ's obligation to fully develop the record applies if the noncitizen is pro se). Rather, Ramirez had the burden of establishing his eligibility and the obligation of providing evidence in support of his application. 8 U.S.C. § 1229a(c)(4)(A)–(B). He had over a year from the date of his master calendar hearing to develop his case, submit

evidence, and file an application for relief. After the filing deadline passed, his counsel made no motion for an extension of the deadline or to notify the court that Ramirez would be pursuing different or additional forms of relief. In any event, at the final merits hearing, the IJ accepted his application for asylum, withholding of removal, and CAT protection, and his decision suggests that he considered Ramirez's prehearing memorandum in ruling on the petition. And while Ramirez did not testify in support of his application, his counsel never requested that he be given that opportunity. Thus, Ramirez was not prevented from reasonably presenting his case, and we find no due process violation. *Cf. Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048–51 (9th Cir. 2023) (finding due process violation when IJ provided ambiguous filing deadline, refused to accept petitioner's application on the day of the deadline, and denied a continuance to allow recently retained counsel to submit the application); *Colmenar*, 210 F.3d at 971 (finding petitioner was not given reasonable opportunity to present evidence when IJ refused to allow him to testify about critical parts of his application).

**DENIED.**